James J. KELLY, Jr., and Eileen Kelly; James K. Kelly, a Minor, by His Guardian, James J. Kelly, Jr., and James J. Kelly, Jr., in His Own Right,

v.

James Rex FULKERSON, Defendant and Third-Party Plaintiff,

v.

James J. KELLY, Jr., Third-Party Defendant,

James J. Kelly, Jr., Eileen Kelly, James K. Kelly, a Minor, by His Guardian, James J. Kelly, Jr., and James J. Kelly, Jr., in His Own Right, Plaintiffs

and

James J. Kelly, Jr., Third-Party Defendant, Appellants.

No. 17015.

United States Court of Appeals Third Circuit.

Argued April 2, 1968.

Decided April 26, 1968.

Rehearing Denied May 23, 1968.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa. (Louis A. Fine, Honesdale, Pa., Leon Marcus, New York City, on the brief), for appellants.

John R. Lenahan, Scranton, Pa. (William J. Dempsey, John E. V. Pieski, Scranton, Pa., on the brief), for appellee.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This matter involves an action for damages arising under the diversity jurisdiction of the court by reason of the collision of two automobiles.

The action was brought by James J. Kelly, Jr., owner and operator of one of the automobiles, with his wife, Eileen, and son, James K. Kelly, a minor, by his guardian, James J. Kelly, Jr., and James J. Kelly, Jr., in his own right, against the owner of the other automobile, James Rex Fulkerson.

Defendant denied negligence and set up the defense of contributory negligence and additionally filed a third-party complaint against James J. Kelly, Jr., for contribution in the event of any recovery by Eileen and James J. Kelly, Jr. The jury found the defendant was not negligent, that the plaintiff was contributorily negligent and, in the third-party action, that

Kelly was negligent and this negligence was a proximate cause of the accident.[1]

During the course of the trial the defendant requested permission to bring out on cross-examination the fact that Kelly had been paid his salary as a New York City detective during the period covering some twelve weeks he was absent from work. This was objected to on behalf of the plaintiff, alleging that the payment was a gratuity and that they did not contend it was in the nature of workmen's compensation. There was some discussion at sidebar as to whether or not the defendant should be permitted to show the salary payment and the court placed on the record, out of the jury's hearing, the following:

> Now I am going to rule in favor of the defendant here. In other words, I say to the defendant you have a right to cross-examine this plaintiff and bring out the fact that he was paid his full wages and then, of course, the burden would be on the plaintiff to show that this was a gratuity in order for me to charge the jury the fact that he was paid full wages would not prevent recovery for the item. That being the case, in lieu of further testimony, counsel could have agreed on the following stipulation: That the plaintiff was paid his full wages for the time he was out and unable to work and that the payment was a gratuity.

> I want the record to show the reason the plaintiff has entered into this stipulation is that I have ruled against him on his proposition of law.

(End of Sidebar)

The court then turned to the jury and advised it of the stipulation, that it had been agreed by counsel with respect to the wages paid to the plaintiff when he was out of work that the payment was a gratuity. No objection was entered by plaintiff's counsel to this statement to the jury, nor was any objection entered by the plaintiff at the close of the court's charge wherein it again advised the jury that it had been agreed between counsel that the New York City payment was gratuitously paid to plaintiff and, further that " * * * if you find for Mr. Kelly, he would be entitled to that even though the City of New York voluntarily or gratuitously paid it. That is the law of Pennsylvania and it would be your duty to award it to him."

■ However, since the wages were stipulated as gratuities, the court was in error in bringing the matter to the attention of the jury, as the case should have gone on and been tried without the jury being advised of the fact of the payment.

■ Nevertheless, counsel for the plaintiff, by not stating an objection when the court advised the jury concern-

---

1.

SPECIAL VERDICT

"1. Was the defendant, James Rex Fulkerson, negligent and did his negligence proximately cause or proximately contribute to the accident? ........................... Yes ( ) No (X)

"2. Did the actions of defendant, James Rex Fulkerson, constitute wanton misconduct? ........................ Yes ( ) No (X)

"3. Was the third party defendant, James J. Kelly, Jr., negligent and did his negligence proximately cause or proximately contribute to the accident? ..................... Yes (X) No ( )

"4. Was James J. Kelly, Jr., contributorily negligent? .. Yes (X) No ( )

"5. State the dollar amount of damages suffered by:
    (a) James J. Kelly, Jr. ........................... $................
    (b) Eileen Kelly .................................. $................
    (c) James K. Kelly (the child) .................... $................

"6. What amount have you included in the damages suffered by James J. Kelly, Jr., set forth in question No. 5a, for wages paid him as a gratuity during the 12-week period he was out of work recuperating from his injuries? ...... $................

"Signed: Kalman Livingston,
"Foreman."

ing the fact of its being a gratuity during the trial of the case and later during the charge of the court to the jury, shows conclusively that plaintiff's counsel waived his right to now complain that the impact of this showing had an adverse effect on his case by reason of the fact that the jury returned a verdict on behalf of the defendant.

The judgment of the district court will be affirmed.